Hillsborough
No. 6387

STATE OF NEW HAMPSHIRE

v

RICHARD A. FERBERT

May 31, 1973

*Warren B. Rudman,* attorney general, and *Robert V. Johnson II,* assistant attorney general (*Mr. Johnson* orally), for the State.

*Leonard, Prolman, Prunier & Mazerolle* and *Edward A. Jordan* (*Mr. Jordan* orally) for the defendant.

DUNCAN, J. The issue presented by the exception of the defendant, reserved and transferred to this court by *King,* J., is whether the trial court abused its discretion by denying the defendant's motion to reconsider a sentence imposed following his conviction upon pleas of guilty to eight indictments charging him with obtaining money by false pretense from various Manchester banks (RSA 580:1), to a ninth indictment charging an attempt to so obtain money, and upon waiver of indictment, to a further charge of burglary. RSA 583-A:2 (Supp. 1972). The burglary complaint and all indictments except one were continued for sentence. On the remaining indictment for false pretense, the defendant was sentenced to State prison for not over five or less than four years.

The motion to reconsider this sentence alleged that the probation report examined by the court prior to sentencing contained "highly prejudicial material", not properly contained therein, and not legally admissible on sentencing, which influenced the court in imposing sentence. The record fails to sustain these contentions or to show any abuse of discretion.

Presentence investigation and report to a sentencing judge is broadly recognized as an efficient method of supplying information essential to an informed sentencing decision.

*See* A.B.A. Minimum Standards — Standards Relating to Sentencing Alternatives and Procedures, § 4.1, *Commentary* a (Approved Draft 1968); Federal Rules of Criminal Procedure, Rule 32 (c); RSA 504:15. Such reports are not matters of public record, but the report submitted in this case was available to both prosecution and defense in accordance with our practice. Superior Court Rule 99, RSA 491: App. R. 99 (Supp. 1972); *see Kent v. United States,* 383 U.S. 541, 563, 16 L. Ed. 2d 84, 98, 86 S. Ct. 1045, 1058 (1966).

In overruling a challenge to the use of such a report in a capital case, the Court in *Williams v. New York,* 337 U.S. 241, 250-51, 93 L. Ed. 1337, 1344, 69 S. Ct. 1079, 1085 (1949) held that the Constitution does not command "that courts throughout the Nation abandon their age-old practice of seeking information from out-of-court sources to guide their judgment toward a more enlightened and just sentence." In reaching this conclusion the Court observed that "[m]odern changes in the treatment of offenders make it more necessary now than a century ago for observance of the distinctions in the evidential procedure in the trial and sentencing processes"; and that with the practice of "individualizing punishments, investigational techniques have been given an important role." *Williams v. New York,* 337 U.S. at 248, 249, 93 L. Ed. at 1343, 69 S. Ct. at 1084; *State v. Burroughs,* 113 N.H. 21, 300 A.2d 315 (1973); *see* Note, 81 Harv. L. Rev. 821, 835-37 (1968); *Specht v. Patterson,* 386 U.S. 605, 18 L. Ed. 2d 326, 87 S. Ct. 1209 (1967).

The defendant in this case complains that the probation report submitted to the trial court contained references to the defendant's record while a juvenile, including numerous police questionings, that it was based largely upon information supplied by the defendant himself, and that it disclosed not only a prior felony conviction but also that a charge of felony was then pending against him in a Massachusetts court.

In *Gregg v. United States,* 394 U.S. 489, 492, 22 L. Ed. 2d 442, 446-47, 89 S. Ct. 1134, 1136-37 (1969), the Court said of presentence reports: "There are no formal limitations on their contents, and they may rest upon hearsay and contain information bearing no relation whatever to the crime with

which the defendant is charged"; and pointed out that they are furnished so that the judge may have the information "in order to give a defendant a sentence suited to his particular character and potential for rehabilitation . . . ." *See* Annot., 96 A.L.R.2d 768 (1964).

The comments of the court in imposing sentence in this case indicate a proper use of the report, rather than the contrary. *Commonwealth v. Celeste,* 358 Mass. 307, 264 N.E.2d 683 (1970). There was no impropriety in considering prior charges which did not result in conviction. *Jones v. United States,* 113 App. D.C. 233, 307 F.2d 190, 192 (D.C. Cir. 1962); *Neely v. State,* 47 Wis. 2d 330, 177 N.W.2d 79 (1970); *see* 5 Orfield, Criminal Procedure under the Federal Rules, § 32.36, at 221 (1967). Comparison of the defendant's sentence with that imposed upon a codefendant is irrelevant, particularly since the record contains no information concerning the codefendant's participation in the crimes, or his prior record or background. *See Shepard v. United States,* 257 F.2d 293, 294 (6th Cir. 1958).

At the hearing on the motion to reconsider, it was disclosed that in the imposition of sentence the court drew no false inferences from the report (*cf. Townsend v. Burke,* 334 U.S. 736, 92 L. Ed. 1690, 68 S. Ct. 1252 (1948), and placed no reliance upon the features of it to which defendant objects: "I paid more attention to what you said than I did to the probation report." *See Putt v. United States,* 363 F.2d 369 (5th Cir. 1966).

We conclude that no occasion is presented for interference with the court's exercise of its discretion.

*Exception overruled.*

All concurred.