496

Strafford
No. 84-314

THE STATE OF NEW HAMPSHIRE

v.

LAWRENCE B. RODRIGUE

December 31, 1985

*Stephen E. Merrill*, attorney general (*Gregory W. Swope*, assistant attorney general, on the brief, and *Tina Schneider*, attorney, orally), for the State.

*Craig F. Evans*, of Durham, by brief and orally, for the defendant.

BATCHELDER, J.   The defendant appeals from his conviction for possession of marijuana with intent to sell. RSA 318-B:26, I(a)(2). We affirm.

On the evening of September 11, 1983, Norman Mello, a part-time officer with the Rollinsford Police Department, was on duty at a singles dance at the American Legion club in Rollinsford. Before that evening Officer Mello had been told that the defendant was selling marijuana at the weekly dances, which the defendant regularly attended. At the dance, Officer Mello observed the defendant acting in a nervous manner, moving from one entrance to another and frequently looking around. Suspicious, Officer Mello left the club building at about 8:30 p.m. and went out to the adjacent lot, where the defendant's car was parked. The officer was familiar with the defendant's car, and had parked his own vehicle about ten feet behind it, so that the front of his car faced the rear of the defendant's. Officer Mello entered his vehicle, slumped down behind the wheel, and waited. From this position he had a clear view of the well-lit area in front of him.

At about 9:00 p.m. the defendant and a second man, Kerry McMahon, left the club and walked to the rear of the defendant's car. The two men looked around briefly, and the defendant reached inside the trunk and opened a white cloth bag, from which he removed a clear plastic baggie containing brown leafy material. He handed the baggie to McMahon, who opened it, held it to his nose, and appeared to sniff it. McMahon then returned the baggie to the defendant, who replaced it in the cloth bag.

At that point Officer Mello, who had been watching the two men, stepped out of his car and arrested them. He radioed for help, and other officers arrived. The police seized the cloth bag, in which were found drug paraphernalia, a statement of profits, and baggies of various sizes containing what appeared to be marijuana. The defend-

ant's car was towed to the police garage. The following day, after obtaining a warrant, the police searched the vehicle, and found in its trunk a second cloth bag containing still more baggies. The contents of one of these baggies were later analyzed at the State police laboratory and identified as marijuana. In addition, material in a foil packet discovered in the first cloth bag was found to be hashish.

Before the trial, the defendant moved to suppress the evidence seized from his car, contending that Officer Mello had not had probable cause to arrest him. After a hearing, the Superior Court (*Nadeau*, J.) denied the motion. At trial the State introduced the seized items in evidence. Following the defendant's conviction, the Trial Court (*Contas*, J.) sentenced him, *inter alia*, to two to four years in the State prison.

On appeal the defendant raises eight separate issues. We have canvassed the record and have determined that only three of these issues are substantial enough to warrant discussion. These are whether the trial court erred in (1) denying the defendant's motion to suppress; (2) admitting in evidence baggies containing unanalyzed material; and (3) permitting the introduction of testimony at the sentencing hearing about the criminal activities of the defendant's son.

With respect to the first issue, the defendant argues that in arresting him, Officer Mello acted on the basis of a mere suspicion, without probable cause, and that accordingly the items seized after the arrest should have been suppressed. We disagree.

A warrantless felony arrest by a police officer is lawful if the officer has "reasonable ground" to believe that the person arrested has committed a felony. RSA 594:10, II(b). In this context, "reasonable ground" means substantially the same thing as "probable cause." *State v. Hutton*, 108 N.H. 279, 287, 235 A.2d 117, 122 (1967). Probable cause to arrest exists when the arresting officer has knowledge and trustworthy information sufficient to warrant a person of reasonable caution and prudence in believing that the arrestee has committed an offense. *State v. Pierce*, 126 N.H. 84, 86, 489 A.2d 109, 111 (1985).

In the instant case, Officer Mello arrested the defendant based on prior information that the defendant was selling drugs as well as his own observations of (1) the defendant's nervous manner; (2) the encounter between the defendant and McMahon, which had all the trappings of a drug transaction; and (3) the baggie containing what appeared to be marijuana. We hold that Officer Mello had probable cause to arrest the defendant, and that the defendant's motion to suppress was properly denied. *See State v. McComb*, 111

N.H. 312, 282 A.2d 673 (1971) (probable cause supported arrest where officer saw defendants with plastic bag apparently containing drugs and pipe wrapped in tinfoil being passed about).

We now turn to the second issue. At trial the State introduced in evidence some thirteen exhibits involving drug-like material. Only two of the exhibits, however, were analyzed: exhibit 24, marijuana stored in a baggie and found in the second cloth bag, and exhibit 7, hashish wrapped in tinfoil and found in the first cloth bag. The Rollinsford chief of police testified that the State did not analyze more of the seized material because of the work load at the police laboratory. The State offered no testimony as to the chemical nature of the unanalyzed exhibits.

The defendant points out that exhibit 7, the hashish wrapped in tinfoil, was unique; the other drug-like material was wrapped in baggies and had a different appearance. In addition, the defendant emphasizes that although eleven of the thirteen drug-like exhibits were found in the first cloth bag, exhibit 24 originated in the *second* cloth bag, which was seized from the defendant's car on the day after the arrest, and which apparently was not involved in the transaction that Officer Mello observed. It follows, according to the defendant, that neither exhibit 7 nor exhibit 24 was a representative sample of the seized material, and that the introduction of the other exhibits invited impermissible speculation by the jury and prejudiced the defendant.

█ This argument is untenable. It would be unreasonable to require the State to test all of the material it sought to introduce. A positive laboratory analysis of a representative sample of a quantity of material believed to be contraband may warrant a reasonable inference that the unanalyzed remainder of the material is also contraband. *See Mullins v. State*, 277 Ark. 93, 94, 639 S.W.2d 514, 515 (1982); *State v. Mattox*, 13 Ohio App. 3d 52, 53, 468 N.E.2d 353, 355 (1983). In the instant case virtually all of the seized material was packaged in the same manner, neatly wrapped in baggies. Its color, texture, and smell were uniform. Although exhibit 7, the hashish, is of a different appearance than the other material, the same cannot be said of exhibit 24. It is irrelevant that exhibit 24 originated in the second cloth bag rather than the first; both bags were found in the trunk of the defendant's car.

██ The unanalyzed material had considerable probative value. The State had the burden of proving that the defendant possessed drugs with an intent to sell or give them to another person. *See State v. Renfrew*, 122 N.H. 308, 312–13, 444 A.2d 527, 529–30 (1982). The quantity of drugs found in the defendant's possession

bore on the issue of his intent. *See State v. Greeley*, 115 N.H. 461, 468–69, 344 A.2d 12, 17–18 (1975). The defendant has not shown that he was prejudiced by the introduction of the unanalyzed material. Indeed, at trial he conceded that he knew that both cloth bags contained marijuana. We conclude that exhibit 24 constituted a representative sample of the seized material, and that the trial judge did not abuse his discretion in admitting the unanalyzed material. *See State v. Farrow*, 118 N.H. 296, 307, 386 A.2d 808, 815 (1978).

We now turn to the third issue. At the sentencing hearing Richard Conway, a supervisor for the Dover Police Department, testified about the activities of the defendant's son, Wayne Rodrigue. Officer Conway's testimony included elements of hearsay. He stated that between June 1982 and February 1983, Wayne Rodrigue was arrested three times on drug-related charges. During this period Wayne was a minor and was living at the defendant's address. One of the arrests occurred after the purchase of controlled drugs by a police informant at the Rodrigue home. The informant bought the drugs from Wayne Rodrigue; a few hours later, police found the money from the sale in the defendant's possession.

■■ The defendant argues that Officer Conway's testimony about Wayne Rodrigue was beyond the scope of the sentencing hearing. We disagree. A judge exercises wide discretion in choosing the sources and types of evidence on which to rely in imposing sentence. *State v. Breest*, 116 N.H. 734, 755, 367 A.2d 1320, 1336 (1976). In the instant case the defendant had apparently involved his son in his drug-selling affairs. The sentencing judge was not required to remain ignorant of this circumstance in determining the kind and extent of punishment to be imposed. *See id.* at 755–56, 367 A.2d at 1336–37.

*Affirmed.*

All concurred.