Carroll
No. 88-462

THE STATE OF NEW HAMPSHIRE

v.

JERARD S. WISOWATY

October 17, 1990

*John P. Arnold,* attorney general (*Michael D. Ramsdell,* assistant attorney general, on the brief, and *Charles Holtman,* assistant attorney general, orally), for the State.

*James E. Duggan,* chief appellate defender, of Concord, and *M. Blair Bigelow,* of Boston, Massachusetts (*Mr. Duggan* on the brief, and *Mr. Bigelow* orally), for the defendant.

BATCHELDER, J. The defendant appeals his conviction on one count of aggravated felonious sexual assault, RSA 632-A:2, kidnapping, RSA 633:1, and theft of a firearm, RSA 637:3, asserting that the Trial Court (*O'Neil,* J.) erred in allowing the victim to testify about her feelings and perception during the assault. In addition, the defendant argues that the court erred during the course of the sentencing hearing in considering allegations that the defendant had attempted to sexually assault his sister on a previous occasion, although no charges were ever brought. The defendant was convicted on all three charges and sentenced to life imprisonment under the extended term of imprisonment statute, RSA 651:6, II(d). For the reasons which follow, we affirm the convictions but remand for resentencing.

The victim left work at midnight on April 29, 1987, and, while driving home during a snow storm, skidded off the road. Hearing heavy equipment being operated at Ossipee Sand and Gravel ahead, she

grabbed a flashlight and the .38 caliber handgun which she kept in her truck and began walking along the road in the direction of Ossipee Sand and Gravel.

As she walked, looking for a place with a telephone, a pickup truck pulled up next to her. The truck was driven by the defendant, who offered to drive her to a phone booth located outside a store, just a couple of miles down the road, and the victim accepted.

They had driven a short distance when the street lights began to flicker. Both the defendant and the victim agreed that this meant the telephone lines were probably down. At this point, the defendant offered to drive the victim to her home. Upon reaching the turn-off to the victim's home, the defendant did not stop, claiming that the road conditions did not permit him to do so. After turning around at the next intersection and heading back, again the defendant drove by the turn-off to the victim's home. The victim, fearful of the defendant's intentions, opened the door to jump from the moving vehicle. The defendant responded by grabbing the victim by her hair and bringing the truck to a stop on a cut-off road off the highway. After the defendant shut off the lights to his vehicle, he jumped out and pulled the victim out of the truck by her hair. They began to struggle. During this struggle, the victim managed to remove the .38 caliber revolver from her jacket and fire it twice, but neither shot hit the defendant. The defendant took the gun from the victim and placed it in his back pocket. He then sexually assaulted the victim by forcing her to perform fellatio on him, after which he got back in his truck and drove away. The victim walked to a nearby house, where she called the police.

At trial, the victim testified about the events that took place on the night she was assaulted. On direct examination, she told the jury what she was thinking and feeling during the course of the assault. In response to this testimony, the defendant made a general objection. The trial court, in overruling the defendant's objection, stated that, "She is telling what her impressions were under those circumstances and, in light of the circumstances, it's permissible." In addition to stating what her general fears and concerns for her family were, the victim stated that, "I felt that I was not the only one that had been in that position," to which the defendant made another general objection, which was also overruled.

At the conclusion of the trial, the jury convicted the defendant on all three charges. During the sentencing hearing, the State sought life imprisonment pursuant to RSA 651:6, II(d), producing evidence

that the defendant had three prior convictions for aggravated felonious sexual assault. The defendant did not dispute the convictions, but instead tried to lessen the significance of those convictions by pointing out that they were the product of a single incident, involving the same victim and three separate acts of penetration. In addition to the evidence of the defendant's prior convictions, the State introduced testimony concerning allegations that the defendant had attempted to sexually assault his sister, although no charges were ever brought.

On appeal, the defendant argues that the victim's testimony concerning what she was thinking and feeling during the course of the assault was inadmissible and that the trial court, in overruling the defendant's objections seeking exclusion of this evidence, committed error that cannot be considered harmless. In opposition, the State argues that the defendant, in making only a general objection, did not preserve this issue for appeal, and that even if he did, such evidence is admissible and relevant as evidence of serious bodily injury.

This court has held that it "will not consider grounds of objections not specified or called to the court's attention at the trial." *State v. Johnson*, 130 N.H. 578, 587, 547 A.2d 213, 218 (1988) (quoting *State v. Cassell*, 129 N.H. 22, 24, 523 A.2d 40, 41 (1986)). This rule, "grounded in common sense and judicial economy, 'affords the trial court an opportunity to correct an error it may have made. . . .'" Johnson, 130 N.H. at 587, 547 A.2d at 218 (quoting *State v. Nadeau*, 126 N.H. 120, 125, 489 A.2d 623, 626 (1985)).

██ ██ The defendant cites *United States v. Barrett*, 539 F.2d 244 (1st Cir. 1976), and *United States v. Hutcher*, 622 F.2d 1083 (2nd Cir.), *cert. denied*, 449 U.S. 875 (1980), in support of his argument that appellate review should be available even where specific grounds for objections are not raised. However, New Hampshire law differs from federal law on this point. Under federal law, an error not specifically preserved at trial may be raised on appeal if the grounds for the objection are apparent from the context. FED. R. EVID. 103(a)(1). In contrast, the New Hampshire rule requires an explicit statement of the specific ground of the objection, and continues, "[A]ll other grounds for objection shall be deemed waived." N.H. R. Ev. 103(b)(1). Further, New Hampshire Evidence Rule 103(a) states, *"Specific objection.* A general objection shall not be sufficient to raise or preserve an issue for appeal." This subdivision of the New Hampshire Rules of Evidence has no parallel section in the federal rules. We do not see how defense counsel's statements, "Objection" and

"Objection, your Honor" can be read to provide the specificity required to preserve this issue for appellate review.

The defendant also relies on *State v. Judkins*, 128 N.H. 223, 512 A.2d 427 (1986) to support his argument that an issue may be preserved for appellate review without stating the specific ground for the objection. However, in *Judkins*, "defense counsel did not clearly articulate the reason for his objection, [but] he did suggest that the evidence was inadmissible as rebuttal evidence, and that it would lead the jury to infer guilt." *Id.* at 224–25, 512 A.2d at 428. Thus, defense counsel's objection "gave the trial court an adequate opportunity to reconsider its ruling and assess the effect of the evidence on the jury." *Id.* at 225, 512 A.2d at 428. We decline to extend the holding in *Judkins* to encompass a situation where *no* grounds for objection are offered, as is the case here.

The defendant also argues that the trial court erred during the course of the sentencing hearing in considering the unsubstantiated allegations that he had attempted to sexually assault his sister. In opposition, the State argues that the trial court's statement that "[t]he weight I'm giving to this sentence imposed here today is what I heard myself," proves that the trial court considered only evidence presented *at trial* in sentencing the defendant to life imprisonment.

The State's interpretation, however, is patently flawed. In order to receive a life sentence under RSA 651:6, II(d), a defendant must have committed a third offense under RSA 632-A:2, aggravated felonious sexual assault. Because no evidence of the defendant's prior convictions was presented at trial, the trial judge could not have sentenced the defendant to life imprisonment based solely on what he heard at trial.

■ ■ The State conceded at oral argument that if the trial court's statement indicated that everything presented at the sentencing hearing would be given weight in determining the defendant's sentence, then the case should properly be remanded for resentencing. We agree. In *State v. Coppola*, 130 N.H. 148, 536 A.2d 1236 (1987), *rev'd on other grounds*, 878 F.2d 1562 (1st Cir.), *cert. denied*, 110 S. Ct. 418 (1989), we held that the trial court should not consider evidence that is solely the product of suspicion or speculation. *Id.* at 156, 536 A.2d at 1241. To the degree that such evidence comes before the trial court, it should either be excluded or expressly disregarded. *Id.* Turning to the record, we see no indication as to the weight the trial court placed upon the allegations that the defendant attempted to sexually assault his sister. Contrary to the

State's claim, we will not presume that the trial court placed no weight upon the evidence in the absence of a statement in the record to that effect. Accordingly, we remand to the trial court for resentencing.

*Affirmed in part; reversed in part; remanded for resentencing.*

HORTON, J., did not sit; the others concurred.