Rockingham
No. 90-434

THE STATE OF NEW HAMPSHIRE

v.

IRVING NUTTER

December 11, 1991

*John P. Arnold,* attorney general (*Brian R. Graf,* assistant attorney general, on the brief, and *Clyde R. W. Garrigan,* senior assistant attorney general, orally), for the State.

*James E. Duggan,* chief appellate defender, of Concord, by brief and orally, for the defendant.

THAYER, J. The defendant was convicted of possession of a controlled narcotic drug and sentenced to one and one-half to three years in the State Prison. He now appeals his sentence, asserting that the Superior Court (*Gray,* J.) erred in basing its sentencing decision, in part, on evidence that was admitted in the prosecution of a related charge, which was joined with the prosecution of the possession charge, and of which the defendant was acquitted. We affirm.

In May of 1989, the Rockingham County Grand Jury indicted the defendant on two drug-related charges: (1) possession of cocaine and

(2) possession of cocaine with the intent to distribute. The possession charge was based on 1.02 grams of cocaine discovered in a metal box on top of the refrigerator in the defendant's kitchen. The possession with intent to distribute charge was based on 19.29 grams of cocaine found outside the premises.

After a trial on both charges, the jury acquitted the defendant of the possession with intent to distribute charge, as well as of the lesser-included offense of possession of the 19.29 grams of cocaine, but convicted him of the possession charge relating to the 1.02 grams of cocaine found in the kitchen. During the sentencing hearing, the prosecutor recommended a three-to-seven-year sentence. Defense counsel requested that the court impose a twelve-month sentence with eleven months suspended. The court imposed a sentence of one and one-half to three years in the State Prison. In so doing, the court stated that "I am not sentencing nor am I considering the fact that there was other cocaine found outside under the porch. He was found not guilty on that and that's that as far as I'm concerned." However, the court did consider the existence of a "loan book" which contained a record of money the defendant had loaned to friends, and commented on the believability of defendant's testimony that he did not know where any of the people listed in the book were located. No objection by the defendant to the trial court's sentencing considerations appears on the record.

On appeal, the defendant argues that the trial court erred during sentencing when it considered evidence which was irrelevant to the possession charge. Specifically, the defendant asserts that the trial court incorrectly considered the "loan book" in rendering a sentence on the conviction for possession because the "loan book" was admitted at trial only as evidence of intent to distribute, the charge of which the defendant was acquitted. *See State v. Cote*, 129 N.H. 358, 374, 530 A.2d 775, 784–85 (1987). The State contends that the defendant failed to properly preserve this issue for appeal by failing to object at the sentencing hearing. In the alternative, the State maintains that the trial court could permissibly consider the defendant's testimony about the "loan book" as it pertained to the defendant's veracity while under oath. Because the defendant failed to make a proper contemporaneous objection to the trial court's sentencing considerations, we need not reach the merits of either party's arguments.

It is well settled in this jurisdiction that we will not consider objections on appeal which were not raised during the proceed-

ings below. *State v. Johnson*, 130 N.H. 578, 587, 547 A.2d 213, 218 (1988); N.H. R. Ev. 103(b)(1). This requirement is firmly "grounded in common sense and judicial economy. . . ." *State v. Johnson*, 130 N.H. at 587, 547 A.2d at 218. While the rules of evidence do not apply to sentencing hearings, the reasoning supporting New Hampshire Rule of Evidence 103(b)(1) is equally applicable to sentencing proceedings, and a defendant must, therefore, as at other stages of criminal trial proceedings, make a specific, contemporaneous objection upon perceiving an error in order to preserve an issue for appeal. A proper objection provides the trial court with an opportunity to correct an error it may have made, or clearly explain why it did not make an error. For these reasons, "[e]rrors discovered by combing the record after trial and never properly presented to the trial judge should not be utilized to set aside a verdict." *State v. Cass*, 121 N.H. 81, 83, 427 A.2d 1, 3 (1981).

The defendant contends that during his sentencing argument his counsel preserved the issue of the trial court's sentencing error by stating that "it's wrong to punish Mr. Nutter for something that doesn't exist, for something that could have happened to rectify any mistake, real or perceived." We do not find this statement to constitute an objection in any meaningful sense of the word. An examination of the transcript of the sentencing hearing reveals that the defendant's counsel made this statement in reference to the jury's verdicts, specifically their finding of not guilty on the possession with intent to distribute charge. The statement was part of the defendant's argument that the trial court should not consider the crime of which the defendant was found not guilty, when sentencing the defendant for the crime of which he was found guilty. Indeed, on this point, the trial court explicitly stated that it was not considering the fact that other cocaine was discovered outside the defendant's residence, because the court acknowledged that the defendant was found not guilty of that.

It is clear from the sentencing transcript that the defendant did not specifically object, either before, during, or after the sentence was imposed, to any of the facts forming the basis of the sentence. We are not willing to adopt a plain error standard. *See State v. Wisowaty*, 133 N.H. 604, 607–08, 580 A.2d 1079, 1080–81 (1990). Therefore, we hold that because defense counsel did not object during the sentencing hearing, issues surrounding the trial court's sentencing considerations are not preserved for our review. *See State v. Menard*, 133 N.H. 708, 711, 584 A.2d 752, 754–55 (1990); *State v. Wisowaty*, 133 N.H. at 607–08, 580 A.2d at 1080–81.

Accordingly, we affirm the trial court's sentence.

*Affirmed.*

BATCHELDER and JOHNSON, JJ., concurred specially; the others concurred.

BATCHELDER, J., concurring specially: The majority today declines to decide the issue raised because the defendant did not make an objection "upon perceiving an error" in the judge's rationale for the sentence imposed. The underlying question is whether it was error for the judge to consider the evidentiary value of a notebook, and the defendant's testimonial explanation of it, in sentencing the defendant, when that evidence was introduced in a companion case which resulted in acquittal. I would reach the main issue and would find against the defendant.

For several reasons there is no need for this court to require a contemporaneous objection to preserve a sentencing issue for appeal. First, it is impracticable to require, as the majority would, that counsel at sentencing raise an objection to the judge's explanation of the sentencing rationale whenever the stated reason, conclusion, or fact appears improper. Such a requirement places counsel in a nearly impossible situation and is but a short step from requiring counsel to object to the judge's frame of mind. To require this at the expense of the loss of appellate review is strong medicine.

Second, the contemporaneous objection rule upon which the majority relies in declining to decide on the merits of the appeal has its foundation in the rules of evidence, N.H. R. EV. 103(b)(1). These rules, however, also provide that they do not apply to sentencing proceedings. N.H. R. EV. 1101(d)(3). Thus, there is no basis in the rules for this court to require a contemporaneous objection.

Third, unlike an issue raised during trial, a sentencing decision need not be grounded in an objection in order to secure jurisdiction in this court. Appeals to this court with respect to sentences are contemplated by the New Hampshire Supreme Court Rules. SUP. CT. R. 7 (an appeal may be taken from a decision on the merits) and SUP. CT. R. 3 (a sentence is a decision on the merits). Thus, jurisdiction here may be instituted by an appeal, petition for writ of certiorari, petition for writ of habeas corpus or other appellate process recognized by this court.

Fourth, the reason for requiring an objection on the record as a predicate to appellate review is to provide the trial court with an opportunity to salvage potential error from so infecting the rights of

litigants as to deny them a fair trial. *State v. McAdams*, 134 N.H. 445, 447, 594 A.2d 1273, 1273–74 (1991); *see also* N.H. R. Ev. 103, Reporter's Notes (purpose of rule is to "permit the court to take cognizance of its error at a time at which it has a meaningful opportunity to correct its ruling"). Although we have previously held that a contemporaneous objection is required to preserve the right to challenge a sentence, *Roy v. Perrin*, 122 N.H. 88, 100, 441 A.2d 1151, 1159 (1982) (compliance with requirements of a presentencing report); *see also State v. Cote*, 129 N.H. 358, 372, 530 A.2d 775, 783 (1987) (timeliness of a probation report), this has not always been a strict requirement. *See, e.g., State v. Giordano*, 134 N.H. 718, 721, 599 A.2d 109, 111 (1991) (no objection required to appeal the filing of and format of presentence report). Moreover, the challenges in these cases were to the procedure used in arriving at the sentence, not to the sentence itself. These kinds of procedural errors can be easily corrected if called to the attention of the sentencing court, and the rationale for requiring a contemporaneous objection may apply. However, it does not apply when the defendant challenges the sentence, rather than the method of reaching it.

Fifth, the scope of appellate review of a sentence is narrow because of the presumption that the sentence is lawful if it is within the statutory power of the court. *See State v. Evans*, 127 N.H. 501, 505, 506 A.2d 695, 698 (1985). Thus, there is no need to further weight the defendant's burden by unnecessary requirements of preservation of appellate rights that in practice could render the right to review meaningless as a practical matter.

Finally, a sentencing proceeding is a highly specialized enterprise, *see* RSA ch. 651 (Supp. 1990), far different from the adversarial aspects of the fact-finding process. *See* Dash, *The Defense Lawyer's Role at the Sentencing Stage of a Criminal Case*, 54 F.R.D. 315 (1972). For instance, the sources and types of evidence used in sentencing are broader than those at trial, *State v. Rodrigue*, 127 N.H. 496, 500, 506 A.2d 299, 303 (1985), and are not constricted by the rules of evidence, *State v. Ferbert*, 113 N.H. 235, 237, 306 A.2d 202, 203 (1973); *U.S. v. Fox*, 889 F.2d 357, 361 (1st Cir. 1989) (see cases cited therein). Further, presentence reports are required unless waived, RSA 651:4, I, and unlike trial transcripts, are not matters of public record, DIST. & MUN. CT. R. 2.17.A.; SUPER. CT. R. 112; *State v. Ferbert supra*. Sentencing even has a unique review process, amply provided for, yet at the same time reasonably limited in scope. *See* RSA ch. 651 (Supp. 1990). In felony cases the defendant has a statutory right to have the sentence reviewed by a sentence review

board. RSA 651:57–61 (Supp. 1990). There was such a review in this case, and the review board unanimously affirmed the sentence.

Because a contemporaneous objection was not necessary to preserve the defendant's claim for review by this court, I would reach the merits of the case. We have held that judges in sentencing should not rely upon allegations of other crimes by the defendant when such allegations are unsubstantiated, *State v. Wisowaty*, 133 N.H. 604, 608, 580 A.2d 1079, 1081 (1990), resolved by acquittals, *State v. Cote, supra* at 375, 530 A.2d at 785, or the product of speculation, *State v. Coppola*, 130 N.H. 148, 156, 536 A.2d 1236, 1241 (1987), *rev'd on other grounds sub nom. Coppola v. Powell*, 878 F.2d 1562 (1st Cir.), *cert. denied*, 110 S.Ct. 418 (1989). In this case, however, the trial judge explained that he was disregarding the crime of possession with intent to distribute because of the acquittal by the jury on that charge. Because there are "'no formal limitations'" on the information which can be included in a presentencing report, *State v. Ferbert*, 113 N.H. at 237, 306 A.2d at 204 (quoting *Gregg v. United States*, 394 U.S. 489, 492 (1969)), or on that which a judge can consider in sentencing, *United States v. Grayson*, 438 U.S. 41, 50 (1978), he was free to consider the notebook (which he had seen during trial) and the explanation of its purpose (which he had heard from the defendant's testimony under oath when he was in a position to observe the defendant as witness), *id.* (citing *Chaffin v. Stynchcombe*, 412 U.S. 17, 32 (1973)); *State v. Thresher*, 122 N.H. 63, 74, 442 A.2d 578, 584 (1982); *see also State v. Dumont*, 122 N.H. 866, 868, 451 A.2d 1286, 1287 (1982). Thus the judge did not consider improper evidence in sentencing the defendant, and I would therefore affirm.

JOHNSON, J., joins in the concurrence.