Strafford
No. 91-163

## THE STATE OF NEW HAMPSHIRE

v.

## MICHAEL D. TUFTS

December 29, 1992

*John P. Arnold*, attorney general (*Janice K. Rundles*, assistant attorney general, on the brief and orally), for the State.

*Michael K. Skibbie*, assistant appellate defender, of Concord, on the brief and orally, for the defendant.

BATCHELDER, J. The defendant, Michael D. Tufts, was convicted, after a jury trial in Superior Court (*Nadeau*, J.), of aggravated felonious sexual assault. On appeal, he challenges the

sentencing court's consideration of an allegation of a prior sexual assault contained in the presentence investigation report. We affirm.

At the defendant's sentencing hearing on February 13, 1991, defense counsel objected to a paragraph in the probation department's presentence report containing a named woman's allegation that the defendant sexually assaulted her in 1988. The report referred to a letter written by the woman to the county attorney's office, "describing in detail" the alleged assault. According to defense counsel, the defendant did not recognize the woman's name and had "nothing to do with" her. The trial court continued the sentencing hearing until both the court and the defendant could review the materials at issue, so that the court could "determine whether or not these are, in fact, verifiable facts." If the facts were verifiable and taken into consideration, the court noted, they would have "a strong influence" on whatever sentence was imposed.

On March 5, 1991, the State forwarded to the court and the defendant three documents pertaining to the alleged assault. Included was the four-page letter that the alleged victim had written to the county attorney's office on September 28, 1989, shortly after the defendant's arrest on the instant charge. The letter was an account of an assault by the defendant, containing the date, time, and a detailed description of the incident. Along with the letter, the State forwarded a Dover police detective's police report describing the woman's positive identification of the defendant from a photographic array on February 15, 1991. Attached to these documents was an affidavit by probation/parole officer Stephen Carlisle, stating that he had prepared the presentence report and had spoken with the woman, obtaining from her corroborating details about the defendant and his family.

The sentencing hearing resumed on March 22, 1991. Defense counsel again objected to the court's considering the alleged prior incident, arguing that he was unable to "verify this person existed." He proffered no evidence to rebut the allegation except the representation that the defendant "believes he was out of state working in Connecticut" on the date of the alleged incident. The trial court, expressly ruling that the alleged assault would be considered in arriving at the defendant's sentence, stated:

> "I consider the information that's been provided by the State here, including the affidavit of Mr. Carlisle, the procedures taken by the Dover Police Department, verify the facts that are relevant to the sentencing in this case, and

this is just what kind of information probation officers include in their reports. They include police contact; they include information from people who know the defendant, and I think this information has been in existence for a significant enough period of time to allow the defendant to make whatever response he wishes to the material that's here."

The court sentenced the defendant to the maximum term of seven and one-half to fifteen years' imprisonment.

The defendant contends that the sentencing court improperly considered the prior sexual assault allegation, arguing first that the information in the presentence report was not verified. He relies on our direction to sentencing courts in *State v. Cote*, 129 N.H. 358, 372, 530 A.2d 775, 783 (1987), "to ignore unsubstantiated, unverified statements made in the probation report."

■■ Presentence reports prepared in contemplation of sentencing may refer to criminal charges not resulting in conviction and may be based on hearsay. *Id.* at 371–72, 530 A.2d at 782. The authority to consider other criminal charges at sentencing stems from the sentencing court's "wide discretion in choosing the sources and types of evidence on which to rely in imposing sentence." *State v. Rodrigue*, 127 N.H. 496, 500, 506 A.2d 299, 303 (1985).

■ The sentencing court's discretion to consider other offenses, however, has been limited by this court. "We have held that judges in sentencing should not rely upon allegations of other crimes by the defendant when such allegations are unsubstantiated, resolved by acquittals, or the product of speculation." *State v. Nutter*, 135 N.H. 162, 167, 600 A.2d 139, 142 (1991) (Batchelder, J., concurring) (citations omitted). In addition, "[i]t is well settled that a sentencing court cannot consider prior convictions which have [previously] been found constitutionally infirm." *Cote*, 129 N.H. at 375, 530 A.2d at 785. Our concern is that sentencing courts should not consider conclusory statements of criminal conduct lacking a factual basis, *i.e.*, "evidence [that] does not carry suspicion to the point of probability," *State v. Coppola*, 130 N.H. 148, 156, 536 A.2d 1236, 1241 (1987), *rev'd on other grounds sub nom. Coppola v. Powell*, 878 F.2d 1562 (1st Cir.), *cert. denied*, 493 U.S. 969 (1989).

■ The information at issue here is not of this character. The letter describes in first-person detail an encounter with the defendant in the writer's home that began as a conversation between ac-

quaintances about their respective family problems. The incident that followed was one of violence and sexual depravity. Probation/parole officer Carlisle, through his conversations with the woman and from other information known to him, corroborated the facts about the defendant's personal and family history with which the woman had been familiar. Her physical description of the defendant, according to Carlisle's affidavit, was accurate. When she was shown a photographic array at the Dover Police Department, she immediately identified the defendant. Rather than speculative or conclusory, the information concerning the defendant's prior sexual assault was sufficiently verified "to the point of probability," *Coppola*, 130 N.H. at 156, 536 A.2d at 1241, so as to be considered by the trial court in determining an appropriate sentence.

The sentencing of those convicted of crime is neither an exact nor formula-driven endeavor; it is calculated to achieve some measure of balance encompassing rehabilitation, deterrence and punishment. It is a critical area in the business of judging, and like all other aspects of the professional and common sense skills required of trial judges, it is finally a matter of judgment which must be based on information. Judgment without a factual or informational predicate is speculation. What is at issue here is the quality and veracity of the information used in the process of judging and the ability of the defendant to have a meaningful opportunity to point to its deficiencies. Every person with the passage of time leaves behind an ever-deepening reservoir of things done and things left undone, of associations cultivated and associations abandoned, of good works performed and actions taken that reflect the darker side of humanity. In preparing a presentence evaluation and report, a probation officer is entitled, and should be encouraged, to dredge up from this reservoir those areas of significance that will supply critical information upon which the trial judge may base his or her judgment in passing sentence.

Under our law, the sentencing judge may rely on information supplied in the presentence report, other than allegations of other crimes resolved by acquittals and prior convictions found constitutionally infirm, so long as the information is unchallenged or substantiated and not the product of speculation. *See* SUPER. CT. R. 112. If the information relates to allegations of criminal conduct, it may not reflect allegations of criminal conduct that do not at least rise to the level of probability. We are satisfied that the information relied upon by the trial judge met these tests, and was so determined by him. It was therefore proper for consideration in determining sentence.

Finally, we find no merit to the defendant's second argument that he was unable to challenge the accuracy of the allegation as was his right pursuant to RSA 651:4, II and Superior Court Rule 112. RSA 651:4, II provides:

> "Before imposing sentence, the court shall take such steps as may be necessary so that the defendant is advised, by his counsel or otherwise, as the situation warrants, of the factual contents of any presentence investigation, and afforded a fair opportunity to controvert them. The sources of confidential information need not, however, be disclosed."

Superior Court Rule 112 similarly provides that prior to sentencing, "counsel for the defendant and for the State will both be afforded a reasonable opportunity to rebut any material matter contained" in the presentence report that "might bear on the sentence."

We have stated that providing the defendant access to the presentence report "is all [Superior Court Rule 112] requires." *Cote*, 129 N.H. at 372, 530 A.2d at 783. Nothing in the language of RSA 651:4, II suggests that the statute requires anything more. The defendant here had been provided with the presentence report, which named the woman making the allegation, and for over two weeks prior to sentencing he had the supplemental material. We reject the defendant's argument that RSA 651:4, II and Rule 112 entitled him to interview the source of the allegation herself. *See Williams v. New York*, 337 U.S. 241, 245 (1949) (with respect to sentencing, no right to confront or cross-examine out-of-court sources of information); *Cote*, 129 N.H. at 371, 530 A.2d at 782 (presentence report may rest upon hearsay).

The verified information provided to the defendant prior to sentencing afforded him a fair and reasonable opportunity to rebut the allegation of a prior assault. There was thus compliance with the statute and rule. We find no abuse of the sentencing court's discretion in its consideration of the allegation in fashioning the defendant's sentence.

*Affirmed.*

All concurred.