Strafford
No. 96-278

THE STATE OF NEW HAMPSHIRE

v.

MICHAEL SULLIVAN

November 6, 1997

*Steven M. Houran,* acting attorney general (*Malinda R. Lawrence,* attorney, on the brief and orally), for the State.

*Gleason Law Offices, P.C.,* of Haverhill, Massachusetts (*Thomas J. Gleason* and *Scott F. Gleason* on the brief, and *Scott F. Gleason* orally), for the defendant.

BRODERICK, J. The defendant, Michael Sullivan, pled guilty to one count of felonious sexual assault against a fourteen-year-old boy. *See* RSA 632-A:3 (1995). On appeal, the defendant argues that the Superior Court (*Mohl,* J.) erred at his sentencing hearing by improperly considering unsubstantiated evidence of other crimes and alleged coercion, and that prosecutorial misconduct deprived him of due process of law under the Federal and State Constitutions. We affirm.

At the defendant's sentencing hearing, the prosecutor recited the pertinent facts of the case, which the defendant agreed were true. After appropriate colloquy to ensure that the defendant's plea was lawfully entered, the trial court accepted the plea. In response to inquiry from the court, the defendant acknowledged he had reviewed the probation report offered at the hearing, found it to be accurate, and had no objection to it. The prosecutor then recommended a sentence of three to seven years, to run consecutive to a sentence the defendant was then serving in Maine.

In support of the recommended sentence, the prosecutor argued that although the assault on the victim did not constitute aggravated felonious sexual assault, it contained an "element of coercion." Referring to the probation report, the prosecutor characterized the victim's version of events as evidence that the victim had been unwilling to engage in sexual conduct and that, despite protest, the defendant continued his assault. Defense counsel did not object to this aspect of the prosecutor's presentation. When the prosecutor continued his argument by stating that according to the probation report, the defendant may have sexually assaulted others, defense counsel immediately objected and challenged the existence of any evidence supporting the assertion of other assaults. The court ruled that although the prosecutor was free to refer to information contained in the probation report, it did not consider the other assaults evidence to be reliable. The prosecutor then acknowledged on the record that he could not "represent that, in fact, there [had] been [other assaults]."

At the conclusion of the hearing, the court sentenced the defendant to serve three to six years in the New Hampshire State Prison, to run consecutively to his Maine sentence; ordered him to pay

restitution; and recommended that he participate in a sexual offender program. This appeal followed.

■ We first address the defendant's contention that the trial court improperly considered allegations of other assaults. A trial court has "wide discretion in choosing the sources and types of evidence on which to rely in imposing sentence." *State v. Rodrigue*, 127 N.H. 496, 500, 506 A.2d 299, 303 (1985). The sentencing court's discretion, however, is not without limits. Judges are "to ignore unsubstantiated, unverified statements made in the probation report." *State v. Cote*, 129 N.H. 358, 372, 530 A.2d 775, 783 (1987). Allegations or conclusory statements of other criminal conduct should never be considered in imposing sentence unless they are based on evidence that raises "suspicion to the point of probability." *State v. Tufts*, 136 N.H. 517, 519-20, 618 A.2d 818, 819-20 (1992).

While the probation report contained a statement from the victim that he knew of other boys whom the defendant had also allegedly assaulted, the State conceded at the sentencing hearing that the other assaults had not been verified. The record reveals that the sentencing court disregarded the questioned allegations:

> It certainly is not the kind of reliable testimonial evidence that the Court would feel comfortable with, and certainly perhaps enhancing what I might otherwise do, but it's in [the probation report], and [the State] certainly is free to comment on whatever is in the report. I don't place a lot of weight in it, frankly, given the manner in which it is presented to me.

■ The defendant argues that because the sentencing court stated that it did not place "a lot" of weight on the allegations of other assaults, it must have placed *some* weight on such evidence. The court's comment, however, must be read in the context of the entire record. *Cf. State v. Aubert*, 118 N.H. 739, 742, 393 A.2d 567, 569 (1978) (holding that trial judge's statement, in context of entire record, did not indicate predetermination of guilt based on previously withdrawn guilty plea). Such a review confirms that the sentencing court acted properly. *Cf. State v. Wisowaty*, 133 N.H. 604, 608-09, 580 A.2d 1079, 1081 (1990) (remanding for resentencing because it was unclear whether sentencing judge relied on unsubstantiated allegations of criminal conduct). The sentencing court stated that it determined the defendant's sentence "based on the facts [of] this case." The court observed "that the defendant took advantage of a young and impressionable fourteen year old boy, . . .

[which is] a serious criminal offense." The court expressly noted that the defendant did not have a criminal record in concluding that a "substantial punishment" was nonetheless appropriate based on the seriousness of the offense. As no improper evidence of other assaults was considered in deciding the defendant's sentence, remand is not warranted. *See Wisowaty*, 133 N.H. at 608-09, 580 A.2d at 1081.

The defendant next argues that the trial court impermissibly relied upon unsubstantiated allegations by the prosecutor that the defendant used coercion during the assault. In support of this argument, the defendant asserts that "presumably" he would have been charged with or indicted for *aggravated* felonious sexual assault had the coercion evidence been substantiated.

■ A specific, contemporaneous objection is required to preserve an issue for appellate review. *See State v. Nutter*, 135 N.H. 162, 163-64, 600 A.2d 139, 140 (1991). This requirement affords the trial court the "opportunity to correct an error it may have made, or clearly explain why it did not make an error." *Id.* at 164, 600 A.2d at 140.

■ Here, the prosecutor advanced several arguments in support of the recommended sentence, including that the assault contained an "element of coercion." Defense counsel never made any contemporaneous objection, specific or otherwise, to the prosecutor's "element of coercion" argument. Instead, defense counsel responded by arguing that the defendant had a consensual relationship with the victim. The record reflects that defense counsel only objected to the prosecutor's assertion that the defendant committed other assaults on other boys. Thus, the issue was not properly preserved for appellate review. *Id.* at 164, 600 A.2d at 141.

■ The defendant also attacks the prosecutor's reference to unsubstantiated "other [assaults]," his allegation of coercion, and his characterization of certain argument advanced by defense counsel, arguing that they constitute prosecutorial misconduct which resulted in a denial of due process under both the State and Federal Constitutions. While the record reflects an objection to the prosecutor's reference to "other [assaults]," the objection does not assert prosecutorial misconduct or due process and, therefore, those issues are waived. *See State v. Russo*, 140 N.H. 751, 753, 674 A.2d 156, 158 (1996) (objection must state explicitly the specific ground of objection); *Brooks v. Padula*, 125 N.H. 668, 670, 485 A.2d 1032, 1033 (1984) (constitutional claim must be raised in conjunction with

original objection to be preserved for appellate review). Defense counsel's objection to the other assaults allegation based on lack of evidence can not be read as a specific objection based on prosecutorial misconduct and denial of due process. *Cf. Wisowaty*, 133 N.H. at 607-08, 580 A.2d at 1081. In any event, the trial court gave the challenged assaults no weight in imposing sentence. Therefore, even if a specific and timely objection had been made, it would have been of no consequence.

The record is also devoid of any objection based upon prosecutorial misconduct to the prosecutor's assertion that the charged crime contained an "element of coercion." Accordingly, this issue was waived.

■ Finally, the defendant's assertion that the prosecutor crossed the line of acceptable advocacy in characterizing defense counsel's argument is made for the first time on appeal. The record reveals that no objection was made at the sentencing hearing. Defense counsel merely requested an opportunity to reply to argument he found offensive, and he did so. It is too late now to press an objection or articulate a prejudice which was not offered to the trial court for its consideration. *See Russo*, 140 N.H. at 753, 674 A.2d at 158.

*Affirmed.*

All concurred.