# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2021-0343, <u>State of New Hampshire v. Jonathan Betancourt</u>, the court on July 1, 2022, issued the following order:**

Having considered the brief, memorandum of law, and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). The defendant, Jonathan Betancourt, appeals his sentence following his guilty plea to one charge of conspiracy to sell a controlled drug. <u>See</u> RSA 318-B:2, I (2017); RSA 629:3 (2016). He argues that the Superior Court (<u>Colburn</u>, J.) impermissibly drew an adverse inference from his silence at the sentencing hearing, thereby violating his rights under the Fifth Amendment to the Federal Constitution and Part I, Article 15 of the State Constitution. We affirm.

Prior to the sentencing hearing, the defendant submitted a sentencing memorandum stating that his "personal history and background mitigate in favor of leniency." He stated that he "traveled to this area from Puerto Rico," that he "endured a difficult upbringing," and that he has "no prior criminal history." The State submitted a sentencing memorandum asserting that investigators had contacted Puerto Rican authorities and had received an identification document for a person named Jonathan Betancourt Lopez. According to the State, the social security number and date of birth for Jonathan Betancourt Lopez matched the information on the defendant's identification documents, but the photograph was of a different person, and the signature was different from the defendant's. The State alleged that, if the case had gone to trial, cooperating witnesses would have testified that the defendant and a co-conspirator had told the witnesses that they are half-brothers and are Dominican. The State introduced the Puerto Rican identification document as an exhibit at the sentencing hearing.

The State argued that the issue of the defendant's identity is "an aggravating factor" because, by presenting himself as Jonathan Betancourt with "no prior criminal history," the defendant was "lying to the Court." The State argued that the defendant's use of a false Puerto Rican identity demonstrated his commitment to the drug trafficking organization and "that he has something to hide from this Court."

In imposing its sentence, the court stated, "I'm going to address you as Mr. Betancourt, although I don't believe for a moment that that is who you are." The court, expressing skepticism about the defendant's sentencing memorandum, described the issue of his identity "as an aggravating factor in

the sense that it doesn't give me a lot of comfort to know who I'm sentencing, because I don't."  The court stated, "what I have is a person before me who has been less than honest, I think, with the Court, and who is clearly tied to what can only be described as a very serious organization."

At the start of the sentencing hearing, the defendant identified himself as Jonathan Betancourt Lopez.  The person named in the indictment is Jonathan Betancourt.  After the defendant identified himself, defense counsel stated: "My client is prepared to admit here today that he is the Jonathan Betancourt that's identified in the indictment.  In terms of questions about his real identity, if that's asked, he would be taking his Fifth Amendment rights."  We note at the outset that the defendant did not preserve a state constitutional claim because he made no reference at the hearing to the State Constitution. See State v. Dellorfano, 128 N.H. 628, 632 (1986).  We note further that, during the hearing, neither the State nor the court asked the defendant any "questions about his real identity."

The defendant asserts that the State impermissibly argued that the defendant, by his silence, was concealing a prior criminal history.  He argues that the trial court erroneously accepted the State's argument and impermissibly assumed, based upon his silence, that he had a criminal history. "A specific, contemporaneous objection is required to preserve an issue for appellate review."  State v. Sullivan, 142 N.H. 399, 403 (1997) (requiring objection to prosecutor's sentencing argument).  "This requirement affords the trial court the opportunity to correct an error it may have made, or clearly explain why it did not make an error."  Id. (quotation omitted).  The defendant did not object to the State's argument at the sentencing hearing or to the trial court's sentencing rationale.  Accordingly, we conclude that the issue was not preserved for review.  See id.

Even if the defendant had preserved this issue, we would conclude that the record does not support his argument.  The trial court's sentencing rationale was not based upon the defendant's silence.  Rather, it was based upon the defendant having identified himself at the start of the hearing as "Jonathan Betancourt Lopez" and the information that the State obtained during its investigation casting doubt upon the defendant's claimed identity. The court also relied upon the voluntary statements in the defendant's sentencing memorandum that contradicted the information obtained by the State, as well as the Puerto Rican identification document entered as an exhibit at the hearing.

Affirmed.

Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,<br>Clerk**

2