# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

### In Case No. 2023-0092, <u>State of New Hampshire v. Douglas Collins</u>, the court on June 4, 2025, issued the following order:

The court has reviewed the written arguments and the record submitted on appeal, has considered the oral arguments of the parties, and has determined to resolve the case by way of this order. <u>See</u> <u>Sup. Ct. R.</u> 20(3). Following a violation of probation hearing, the Superior Court (<u>St. Hilaire</u>, J.) found that the defendant, Douglas Collins, committed five violations of the rules of his probation. The defendant challenges three of those findings on appeal, arguing that the evidence that was properly before the court was insufficient to support them. We affirm.

The record reflects the following facts. As of October 2022, the defendant was on probation. Rule 1 of the terms and conditions of the defendant's probation required him to "respond truthfully to all inquiries from the Probation/Parole Officer," and Rule 10 required that he "not indulge in the illegal use, sale, possession, distribution, transportation or be in the presence of controlled drugs, or use alcoholic beverages." Additionally, the defendant was required to complete sex offender counseling.

In October 2022, the defendant's Probation/Parole Officer (the "PPO") accused the defendant of five violations of the rules of his probation. Relevant here, the PPO accused the defendant of two violations of Rule 1 by failing to respond truthfully to all inquiries from the PPO. First, "on 9-21-2022, the defendant denied any illegal drug use on his reporting form[, but] [u]pon further questioning, the defendant admitted to using Marijuana. The defendant does not have a medical marijuana card." Second, "on 9-21-2022, the defendant reported that he was attending Sex Offender counseling with Edge Counseling. The defendant missed counseling on 8-3-2022, 8-10-2022, 8-31-2022, 9-7-2022, 9-14-2022 and 9-21-2022." In addition, the PPO accused the defendant of violating Rule 10, prohibiting the defendant from using illegal drugs, because "on 8-3-2022 and 9-21-2022, the defendant admitted to using Marijuana. The defendant does not have a medical marijuana card."

The trial court held a violation of probation hearing, during which the defendant and the PPO testified. With regard to the allegations that the defendant had used marijuana and was untruthful with the PPO about it, the defendant testified that he met with the PPO on August 3, 2022 and September 21, 2022, and told her at those meetings that he was smoking flower and

taking "edibles" with "under eight percent" Delta-8 THC in them which he had legally purchased in New Hampshire. He testified that he told the PPO about his use of those products "[i]n case she urine tested me and it came up." After he told the PPO that he was using those products, the PPO told him that those products contained marijuana and directed him to change his reporting form to indicate that he had used marijuana. He complied with her request.

The PPO testified that at the September 21 meeting the defendant denied any illegal drug use on his reporting, but upon further questioning he admitted to using marijuana. The PPO testified that the defendant told her that he was taking gummies with Delta-8 THC in them, and that the PPO understood that Delta-8 products contained marijuana.

With regard to the allegation that the defendant was untruthful about attending counseling, the PPO testified that she asked the defendant whether he was "enrolled" in sex offender counseling at the September 21 meeting, and the defendant answered that he had switched to an evening class. At the time, the defendant had not received written notice of his termination from the program. However, the counselor had told the defendant on September 11 that she expected him to attend counseling at the regular time for the following two weeks, and that she would then switch him to an evening group. The counselor told the defendant that if he missed any more sessions that he would be terminated from the program. The defendant then missed sessions on September 14 and September 21.

The trial court found the three violations at issue to be true. In its findings, the trial court explained that it understood the defendant's use of the term "edibles" to refer to marijuana products because the court was "not sure people who use CBD say they're using edibles." The court's findings also referenced the trial judge's prior experience working for the Liquor Commission to conclude that the defendant's testimony regarding the percentage of THC in the products he was taking was not consistent with Delta-8 products, and therefore that the defendant's claim that he was using Delta-8 products was not credible. The trial court also found that the defendant was untruthful about attending counseling. This appeal followed.

On appeal, the defendant argues that his due process rights were violated because the court improperly referenced the prior experience working for the Liquor Commission and its belief that "edibles" refers to marijuana in its findings. The defendant further argues that the evidence that was properly before the court was insufficient to support the trial court's findings regarding both his marijuana use and his enrollment in sex offender counseling. We disagree.

2

Probation may be revoked upon proof by a preponderance of the evidence that the defendant has violated the terms of his freedom.  See State v. Kay, 162 N.H. 237, 244 (2011).  To prevail on appeal, the defendant must show that the evidence, viewed in the light most favorable to the State, fails to support the trial court's decision.  Id.  We review claims of insufficiency of the evidence de novo.  See State v. Stanin, 170 N.H. 644, 648 (2018).

The defendant concedes that his challenge to the court's finding that he was untruthful about attending counseling is not preserved and must be reviewed under our plain error rule.  However, the defendant argues that his due process arguments should be deemed preserved because he did not have an opportunity to object while the court was making its findings.  We disagree.  The defendant did not object when the court announced its findings from the bench.  Nor did the defendant file a motion for reconsideration.  See N.H. Dep't of Corrections v. Butland, 147 N.H. 676, 679 (2002) (explaining issues that could not have been objected to at the time must be raised in a motion for reconsideration to be deemed preserved).  The defendant's due process arguments are therefore not preserved.  See State v. Sullivan, 142 N.H. 399, 403 (1997) ("A specific, contemporaneous objection is required to preserve an issue for appellate review.").  Accordingly, we review each of the defendant's arguments under our plain error rule.  See Sup. Ct. R. 16-A.

The four essential elements of a successful claim of plain error are: (1) there must be error; (2) the error must be plain; (3) the error must affect substantial rights; and (4) the error must seriously affect the fairness, integrity or public reputation of judicial proceedings.  See State v. Hodges, 176 N.H. 751, 754 (2024).  This rule is used sparingly, however, and is limited to those circumstances in which a miscarriage of justice would otherwise result.  Id.

We turn first to the defendant's challenge to the court's reference to the trial judge's professional experience and its interpretation of the term "edibles" in its findings that the defendant had used marijuana and was untruthful about it with the PPO.  Even if we assume, without deciding, that the trial court erred when it considered that professional experience and interpretation of the term "edibles" in its findings, the other evidence before the court was sufficient to support its findings.

The defendant's testimony and the PPO's testimony support that the defendant initially failed to disclose on his September 21 reporting form that he had used marijuana, but upon further questioning changed the form to indicate that he had used marijuana.  The court referenced this fact in its findings, stating: "I don't know why you would say you're using marijuana if you weren't."  The fact that the defendant initially indicated on his reporting form that he had not used marijuana and subsequently changed it to say that

3

he had supports both that he used marijuana and that his initial response to the PPO was untruthful.

In addition, the defendant's testimony supports the court's findings. The fact finder may accept or reject, in whole or in part, the testimony of any witness or party, and is not required to believe even uncontroverted evidence. In the Matter of Aube & Aube, 158 N.H. 459, 466 (2009). The defendant testified that he was smoking flower and taking edibles with Delta-8 THC in them which he purchased legally in New Hampshire. The trial court could have believed that the defendant was smoking flower and taking edibles with THC in them, but declined to believe that the products were legally purchased Delta-8 THC products. The defendant's testimony that he was taking edibles and smoking flower with THC in them, which he testified he was concerned might come up in a drug test, is sufficient to support a finding that he used illegal drugs. Because the unchallenged evidence that the defendant used marijuana and denied that use to his PPO is sufficient, the plain error test is not met. See Hodges, 176 N.H. at 753-55 (holding that plain error test was not satisfied when the evidence of the defendant's guilt was sufficient).

The defendant next argues that the evidence was insufficient to support the trial court's finding that he was untruthful about attending sex offender counseling because the evidence shows that he was asked by the PPO only whether he was "enrolled" in counseling, as opposed to whether he was "attending" counseling, and that he truthfully responded in the affirmative. We conclude that the defendant has failed to demonstrate plain error because the evidence is sufficient to support the court's finding that the defendant was untruthful. See id.

The record supports that the defendant missed counseling sessions in August and September of 2022, including sessions on September 14 and September 21. Accordingly, if the defendant represented to the PPO on September 21 that he was attending counseling, then the evidence is sufficient to support the court's finding that his answer was untruthful. Alternatively, if the defendant told the PPO that he was enrolled in counseling and had switched to an evening class, then the evidence is still sufficient to support the conclusion that his answer was untruthful. The evidence shows that the defendant had been told on September 11 that he would be transferred to an evening group if he successfully attended counseling at his regular time for the next two weeks. He was told if he missed any more sessions that he would be terminated from the program. He then missed sessions on September 14 and September 21. Accordingly, the evidence is sufficient to support the conclusion that the defendant's representation to the PPO was untruthful, and there was no plain error. See id.

4

We also observe that — absent any finding of untruthfulness — the defendant's failure to attend counseling was itself a violation of the rules of his probation.  The application of the plain error rule is limited to those circumstances in which a miscarriage of justice would otherwise result.  See id. Under these circumstances, even if we assume that the trial court erred, there was no miscarriage of justice.  See id.  Accordingly, we affirm.

Affirmed.

MACDONALD, C.J., and COUNTWAY, J., concurred; BASSETT, J., concurred specially.

**Timothy A. Gudas,**
**Clerk**

BASSETT, J., concurring specially.   I agree with the majority that the defendant has failed to preserve his appellate arguments for our review.   Moreover, even assuming that the trial court erred, I conclude that our test for plain error under Supreme Court Rule 16-A, see State v. Hodges, 176 N.H. 751, 754 (2024) (setting forth four-factor test for plain error), has not been satisfied.  Accordingly, on that basis, I concur in the result.