Grafton
No. 80-377

THE STATE OF NEW HAMPSHIRE

v.

JOHN F. STAPLES

November 16, 1981

*Gregory H. Smith,* attorney general (*Paul W. Hodes,* assistant attorney general, on the brief and orally), for the State.

*Dennis Pizzimenti,* of Concord, by brief and orally, for the defendant.

DOUGLAS, J. The issue in this case is whether the Trial Court (*Johnson,* J.) erred in refusing to grant the defendant's motion for a new trial on the ground of ineffective assistance of counsel. We find that the trial court erred and, therefore, reverse.

The defendant, represented by Attorneys Thomas Cote and Earl Gage, was convicted of aggravated felonious sexual assault after a jury trial in Grafton County Superior Court on May 4, 1977. His conviction was affirmed by this court on May 5, 1980. *State v. Staples,* 120 N.H. 278, 415 A.2d 320 (1980). The defendant then filed a motion for a new trial, asserting that he had been denied effective assistance of counsel. The trial court denied the defendant's motion following a hearing on June 25, 1980. The defendant then appealed to this court.

 Effective assistance of counsel "is a right fundamental to criminal defendants" and "is required by both the Federal and State Constitutions." *Smith v. State,* 118 N.H. 764, 770, 394 A.2d 834, 839 (1978); *see* U.S. CONST. amend. VI; N.H. CONST. pt. I, art. 15. To be effective, defense counsel must perform "within the range of competence required of attorneys representing defendants in criminal cases." *State v. Fleury,* 111 N.H. 294, 299, 282 A.2d 873, 877 (1971) (quoting *Parker v. North Carolina,* 397 U.S. 790, 797–98 (1979)) (*reaffirmed in State v. Osborne,* 119 N.H. 427, 436, 402 A.2d 493, 499 (1979)). In *State v. Fleury,* 111 N.H. at 299, 282 A.2d at 877, we declined to decide whether our standard should be further defined as "reasonable competence," in accordance with *McMann v. Richardson,* 397 U.S. 759, 770 (1969). We did, however, choose to follow *Parker v. North Carolina,* 397 U.S. 790, 797–98 (1969) ("within the range of competence required of attorneys representing defendants in criminal cases"). It is not clear from *Parker's* reference to *McMann, see Parker v. North Carolina,* 397 U.S. at 797, whether *Parker* embraced *McMann's* "reasonable competence" test, but we consider *McMann's* "reasonable competence" test to be a useful refinement of *Parker.* In the future, we will follow that standard. *See generally* MCNAMARA, NEW HAMPSHIRE PRACTICE: CRIMINAL PRACTICE AND PROCEDURE § 397 (1980).

■■ Absent an abuse of discretion or a complete lack of evidence, we will not overturn the trial court's decision on a motion for a new trial in a civil case. *Kierstead v. Betley Chevrolet-Buick, Inc.*, 118 N.H. 493, 496, 389 A.2d 429, 431 (1978). In the criminal context, however, if the trial court's error was of constitutional dimension, depriving the defendant of "substantial rights," *Chapman v. California*, 386 U.S. 18, 23 (1967); 2 WRIGHT, FEDERAL PRACTICE AND PROCEDURE: CRIMINAL § 553 at 482 n.6 (1969), then a new trial must be ordered unless the error was harmless beyond a reasonable doubt. *Chapman v. California*, 386 U.S. at 24. *See State v. Welch*, 120 N.H. 687, 688, 421 A.2d 142, 142–43 (1980) (reasonable doubt standard followed when reviewing whether inadmissible evidence affected criminal verdict). Because we find that Staples' attorneys' representation did not adequately safeguard their client's constitutional right to effective representation, we must decide whether their error was harmless beyond a reasonable doubt.

The defendant first asserts that his inability to hear testimony during trial prevented him from participating adequately in his defense. He argues that his trial counsel represented him inadequately by taking no action to compensate for his hearing impairment during trial. The defendant's co-counsel were aware prior to trial that their client had difficulty hearing, though they were unaware of the extent of the problem. At the beginning of trial, when the second witness began to testify, defense counsel told the court: "We have a problem with our defendant who cannot hear a single word that is being said." Defense counsel tried to remedy the problem by whispering witnesses' testimony to the defendant during trial and by relating the testimony to him during recesses.

At the hearing on the motion for a retrial, the defendant testified that he "never heard the first part of . . . [the prosecutrix's testimony] or anything at all. Just things off and on that I could pick up . . . . I couldn't hear what they were saying." He said he had not heard certain testimony he later read in the transcript, notably that part where the prosecutrix said the defendant and his friend were "taking turns with her in the woods." After he was sentenced to the New Hampshire State Prison, the defendant underwent an ear operation. His doctor evaluated the defendant's preoperative hearing capabilities as "poor enough to make it extremely difficult for him to hear testimony of witnesses and questions directed at him."

The ABA Standards for the Defense Function admonish defense attorneys to "inform the accused of his rights . . . and take all necessary action to vindicate such rights." ABA STANDARDS FOR

CRIMINAL JUSTICE § 4-3.6, at 4.45 (2d ed. 1980). The authors caution that counsel must often take "special steps" to protect the accused, *id.*, commentary to § 4-3.6 at 4.46, which may include ordering medical examinations of the accused. *Id.* In this case, no steps were taken prior to trial, and those that were taken during trial were inadequate.

■ In *Drope v. Missouri*, 420 U.S. 162, 171 (1975), the United States Supreme Court held that a person whose mental condition prevented him from understanding the nature and object of the proceedings against him, from consulting with counsel, and from assisting in the preparation of his defense, could not get a fair trial. Though the defendant in this case was not mentally deficient, his hearing impairment presents us with an analogous and equally serious problem. He, like the defendant in *Drope*, was unable to assist effectively in the preparation of his defense. Unlike *Drope*, however, remedial measures could have been taken to enable Staples to assist in his own defense, had his trial lawyer only initiated them prior to trial. We find that, in this respect, the defendant was ineffectively represented as a matter of law.

Second, the defendant argues that trial counsel were derelict in neglecting to take any notes or have a record made of the relevant portions of a chambers conference at which the trial judge ruled on the admissibility of the defendant's prior convictions. During trial, the admissibility of the defendant's prior convictions was disputed. Attorney Cote testified at the motion hearing that the trial judge, during an unrecorded chambers conference, had ruled that only three specific convictions would be admissible to impeach the defendant's credibility. No record of that conference exists and Attorney Cote testified that he does not know whether a record was made. During direct examination of his client at the trial on the merits, however, Attorney Cote voluntarily asked about *six* of the defendant's prior convictions: Disorderly conduct and false liberty card (1959); assault and battery (1959); breaking and entering and larceny (1963); and larceny (1964). Some of these offenses occurred two decades before trial and were military infractions, not crimes.

■ We need not decide whether this evidence caused the defendant undue prejudice, *see State v. Mann*, 112 N.H. 412, 414–15, 297 A.2d 664, 666 (1972) and *State v. Cote*, 108 N.H. 290, 294, 235 A.2d 111, 114 (1967), because we find that trial counsel's failure to take notes, to record the rulings made in the chambers conference, or to otherwise protect the record, is in itself evidence of ineffective representation. *Cf. State v. Staples*, 120 N.H. at 285, 415

A.2d at 323 (henceforth, rulings on the admissibility of each prior conviction should be made on the record without the jury present, preferably before trial).

 It is counsel's responsibility "to see to it that the record is complete. The court has a right to assume counsel will discharge this function . . . . Appellate courts are primarily concerned . . . that discretion be exercised by consideration of the proper factors. Placing the trial judge's . . . [statements or rulings] on the record should remove any uncertainty as to the actual reasons for the trial judge's decision and also preserve the arguments made to him by counsel." *Evans v. United States*, 397 F.2d 675, 680 (D.C. Cir. 1968), *cert. denied*, 394 U.S. 907 (1969). If counsel has not fulfilled his duty to see to it that an adequate record is before the appellate court, he has not provided "that advocacy which permits 'full consideration and resolution' of . . . [his] appeal, as required by the Constitution." *People v. Barton*, 146 Cal. Rptr. 727, 731, 579 P.2d 1043, 1047 (1978) (citation omitted).

 We were faced with an inadequate record when we heard the defendant's appeal on the merits. *See State v. Staples*, 120 N.H. 278, 285, 415 A.2d 320, 323 (1980). We noted that the incomplete record prevented us from reviewing the trial judge's rulings concerning the defendant's prior convictions. Thus, the defendant was barred from raising the trial judge's rulings on appeal. We consider this further evidence of counsel's inadequate performance.

The defendant's final argument is that trial counsel prejudiced his case by failing to call a witness whose testimony would have contradicted the victim's and cast doubt on her credibility. Also, by testifying that the victim was acquainted with the defendant, this witness supposedly would have bolstered Staples' consent defense.

The witness, Clifford Arthur, testified at the motion hearing that he notified only the defendant and the defendant's mother of his willingness to testify. Mr. Arthur left it up to the defendant to notify his attorneys. The defendant testified that he mentioned Mr. Arthur's offer to his attorneys a number of times, but it always "seemed to be overlooked." Neither Attorney Cote nor Attorney Gage, however, remembers hearing Mr. Arthur's name.

 This evidence, concerning Mr. Arthur as a potential witness, was not sufficiently compelling to require the trial court to find counsel ineffective. The trial court was not obliged to believe that the defendant, his wife, or his mother communicated Mr. Arthur's offer to the defendant's attorneys. *See State v. West*, 117

N.H. 340, 342, 373 A.2d 348, 348 (1977). The trial court, presented with conflicting testimony, was in a better position to evaluate the witnesses' demeanor. The record before us does not support the defendant's assertion that his attorney was made aware of the value of calling Mr. Arthur as a witness. *See Commonwealth v. Owens*, 454 Pa. 268, 272–73, 312 A.2d 378, 381 (1973).

After reviewing this case in its totality and considering the entire record, *People v. Williams*, 94 Ill. App. 3d 241, 257–58, 418 N.E.2d 840, 851–52 (1981), we conclude that the defendant's arguments regarding his hearing problem and the admission of his prior convictions have merit. The trial court could not properly have found as a matter of law that the defendant was represented effectively, nor can we conclude that the errors of counsel were harmless beyond a reasonable doubt. Accordingly, we reverse and remand for a new trial.

*Reversed and remanded.*

BATCHELDER, J., did not sit; the others concurred.