Hillsborough
No. 87-462

THE STATE OF NEW HAMPSHIRE

v.

JAMES MOULTON

March 6, 1989

*Stephen E. Merrill*, attorney general (*Brian T. Tucker*, associate attorney general, on the brief, and *Tina Schneider*, assistant attorney general, orally), for the State.

*Joanne Green*, assistant appellate defender, of Concord, by brief and orally, for the defendant.

## MEMORANDUM OPINION

BROCK, C.J. The defendant was convicted of first degree murder, RSA 630:1-a, after a jury trial in the Superior Court (*Dalianis*, J.). He appeals, requesting that this court set aside his conviction because, as he argues, the State, either in bad faith or with culpable negligence, suppressed or withheld evidence favorable to him and thus denied him due process in violation of part I, article 15 of the State Constitution. For the reasons that follow, we affirm.

Evidence presented at trial discloses that on Christmas Eve, 1984, the defendant repeatedly fired a .380 automatic pistol into the head of John Timothy Whalen, who was sitting inside the defendant's automobile. The defendant then drove to a wooded area off Pratt Pond Road in Mason where he dumped the victim's body down an embankment. The next morning, he returned to Pratt Pond Road with a carving knife and cut off the victim's head in order to prevent anyone from tracing the bullets to his gun. The decapitated corpse was discovered on December 29, 1984, and, after a police investigation, the defendant was charged with first degree murder.

In January, 1985, Deborah Nelson (then Deborah Moulton), who was married to the defendant from 1973 to 1986, gave police a handwritten statement indicating that the defendant had removed the carpeting from his car on the morning of December 25, 1984. In June, 1985, Nelson retracted that statement and stated that the carpet was gone before Christmas Day. While the State provided

the defendant with copies of these inconsistent statements, it did not reveal that in 1987, during preparation for trial, Nelson had informed prosecutors that her second statement was a lie. The State called Nelson to the stand during the third day of the lengthy trial, and she testified that she witnessed the defendant cleaning his car on December 25, 1984, and that "[h]e said that the carpets were really bad in the car and he was going to take 'em out and throw 'em away." During cross-examination, counsel for the defendant asked the witness whether her second statement, that the carpet was gone before Christmas Day, was true. She responded that she had fabricated the June, 1985 statement.

At the conclusion of Nelson's testimony, the defendant moved to dismiss the case on the ground that the State, in failing to provide the defendant with the witness' explanation for her inconsistent statements, violated the due process obligation to provide the defense with exculpatory material. The court denied the motion. Later, when the defendant took the witness stand, he admitted killing Whalen, but claimed that he had done so in self-defense.

The gravamen of the defendant's appeal is his claim that the State withheld evidence favorable to him in violation of the State due process clause. N.H. CONST. pt. I, art. 15. We need not consider the defendant's due process claims because, under the State Constitution, the evidence in question cannot be considered favorable to him. Prior to trial, the defendant was given copies of Nelson's inconsistent statements: the January, 1985 handwritten statement supporting the inference that the defendant was removing evidence of the shooting committed the night before, and the June, 1985 statement refuting that inference. When the witness testified at trial in conformity with her January, 1985 statement, the June, 1985 statement became impeachment material. Nelson's pre-trial acknowledgment that her June, 1985 statement, which tended to exculpate the defendant, was a lie, was evidence favorable to the State, not the defendant. The witness' statement to the prosecution that she had fabricated the inconsistent exculpatory statement increased the credibility of her previous inculpatory statement. As the defense knew one of the statements was false, revelation that the witness had fabricated her exculpatory June, 1985 statement would not have aided the defendant.

Construing the evidence as we do, there is no need for us to consider the defendant's claim of prosecutorial misconduct or to exercise our supervisory authority with respect thereto.

*Affirmed.*

All concurred.