Hillsborough
No. 91-144

THE STATE OF NEW HAMPSHIRE

v.

RAYMOND MORSE

May 14, 1992

*John P. Arnold,* attorney general (*Paul A. Maggiotto,* assistant attorney general, on the brief and orally), for the State.

*W. Kirk Abbott, Jr.,* assistant appellate defender, of Concord, by brief and orally, for the defendant.

JOHNSON, J.   On April 12, 1984, the defendant, Raymond Morse, was convicted by a jury of four counts of aggravated felonious sexual assault. On June 19, 1989, he filed a motion for a new trial alleging ineffective assistance of counsel. The Superior Court (*Dalianis,* J.) conducted a hearing and denied the defendant's motion. For the reasons that follow, we affirm.

The record establishes the following facts. On July 18, 1983, a mother took her eight-year-old daughter and an eight-year-old friend to a public pond. At the pond, the girls and several other children played a game in which the defendant threw them into the air and water. While the children were playing in this manner, a lifeguard approached the mother and informed her that the defendant "was known as a flasher" and had previously been arrested at the pond for indecent exposure. The mother immediately called the girls to shore and asked them if anything unusual had happened in the pond. After some hesitation and denial, the girls eventually told the mother and lifeguard that the defendant digitally penetrated their vaginal and anal openings while playing with them. Based on this information, the defendant was arrested and tried for aggravated felonious sexual assault.

At trial, defense counsel elicited testimony on cross-examination from the mother, the lifeguard, and the two girls regarding their knowledge of the defendant's reputation as a "flasher." Defense counsel also put the defendant on the stand and questioned him

about his prior arrest for indecent exposure. The defendant, in discussing the circumstances surrounding the prior arrest, stated that the charge had been "thrown out of court." Because this statement was not accurate, the prosecution was able to subsequently introduce impeachment evidence regarding the actual disposition of the indecent exposure arrest. Such evidence had been ruled inadmissible by the trial court before the defendant took the stand.

Defense counsel testified at the superior court hearing conducted pursuant to the defendant's ineffective assistance claim. At this hearing, conducted almost seven years after the trial, defense counsel reflected that his decision to inform the jury of the defendant's indecent exposure arrest was influenced by his belief that jurors already knew of or would be exposed to such information.

The issue on appeal is whether defense counsel, by allowing the jury to learn of the defendant's reputation as a "flasher" and the disposition of the indecent exposure arrest, deprived the defendant of his right to effective assistance of counsel under part I, article 15 of the New Hampshire Constitution and the sixth and fourteenth amendments to the Federal Constitution. We hold that defense counsel's actions did not constitute ineffective assistance of counsel.

■■■ The standard for attorney performance under both the State and Federal Constitutions is that of "reasonably effective assistance." *State v. Fennell*, 133 N.H. 402, 405, 578 A.2d 329, 331 (1990) (citing *Strickland v. Washington*, 466 U.S. 668, 687, *reh'g denied*, 467 U.S. 1267 (1984)). In determining whether reasonably effective assistance was rendered, we "start with the strong presumption that counsel's conduct falls within the limits of reasonable practice . . . bearing in mind the limitless variety of strategic and tactical decisions that counsel must make." *State v. Faragi*, 127 N.H. 1, 4–5, 498 A.2d 723, 726 (1985). This strong presumption of reasonableness is overcome, however, if the defendant demonstrates the following:

> "First, the defendant must show that counsel's performance was deficient, which requires proof that counsel made such egregious errors that counsel was not functioning as the 'counsel' guaranteed by both constitutions. Second, the defendant must prove that counsel's conduct actually prejudiced the defendant such that there is a reasonable probability that the result of the proceeding would have been different had counsel been competent."

*Fennell, supra* at 405, 578 A.2d at 331 (citations omitted).

The superior court applied this standard. As a preliminary matter, it found "that the record supports [defense counsel's] claim that his strategy was to show that the lifeguard upset the mother by telling her of the defendant's reputation and that [the lifeguard and mother] coerced the children into fabricating the charges." We agree. The trial transcript, which was an essential part of the record in this case, clearly indicates that such a strategy was central to the defendant's case. In closing arguments, for example, defense counsel argued to the jury that

> "when the lifeguard came over to [the mother] . . . and said, 'Do you realize that this man is a flasher and was arrested here a few years ago?' Now, immediately, the facts that this mother had seen changed in her mind completely. This man's a fear. He's a flasher. He hurts little girls. She's, like, in panic."

Defense counsel also argued that

> "as a result of [the atmosphere created by the mother and the lifeguard], the little girls said, yes, he did this, yes, he did that. Now, you don't think the little girl said and laid out everything. They were asked questions, and they were prodded, and they can sense what their mothers want, what the police want, what the officers want. So, they get into a situation. They would rather die, these little girls, than defy the mother. There is no way you can defy your parents when you're seven, eight, nine years old."

Similar passages, scattered throughout the trial transcript, indicate that defense counsel's trial strategy was to show that the defendant's reputation as a "flasher" prompted the mother and lifeguard to become overly suggestive in encouraging the children into incriminating the defendant.

■ We now must address whether, given the above strategy, defense counsel "made such egregious errors that [he] was not functioning as the 'counsel' guaranteed by both constitutions." *Fennell supra*. The superior court found

> "that, given the circumstances as they existed at trial, this strategy was reasonable and within the wide range of professionally competent assistance. As part of that strategy, it was necessary to bring up the defendant's reputation as a "flasher" to explain the adults' behavior and its effect on the

victims. This reputation stemmed from a 1979 arrest for indecent exposure. Accordingly, the Court finds that the defendant has failed to show that [defense counsel's] act of raising the defendant's reputation at trial or his references to the 1979 arrest were the result of a deficiency in counsel's performance."

We agree that defense counsel's actions were not deficient. His strategy, if successful, would have established that the eight-year-old girls were coerced into accusing the defendant of digital penetration. Where, as in this case, the youngsters' credibility was essential to the prosecution's case, this strategy was justifiable on its face and without regard to defense counsel's particular reasons for choosing it. Because we find that defense counsel's performance was not deficient, we need not address the prejudice component of the constitutional analysis.

*Affirmed.*

All concurred.